**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 21 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PIERRE AARON FLORES-VASQUEZ, AKA Pierre Aaron Flores, AKA Pierre Flores Flores Vazquez, AKA Pierre Aaron Flores-Vazquez, AKA Pierre Aaron Floresvazquez, AKA Pierre Aaron Vazquez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-70945 <br><br> Agency No. A200-153-520 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Pierre Aaron Flores-Vasquez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008),

except to the extent that deference is owed to the BIA's interpretation of the

governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th

Cir. 2004). We review for substantial evidence the agency's factual findings.

*Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the

petition for review.

Substantial evidence supports the agency's determination that the harm

Flores-Vasquez suffered in Mexico did not rise to the level of persecution.

*See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an

extreme concept that does not include every sort of treatment our society regards as

offensive." (internal quotation marks and citation omitted)). The agency did not

err in finding that Flores-Vasquez failed to establish membership in a cognizable

social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to

demonstrate membership in a particular group, "[t]he applicant must 'establish that

the group is (1) composed of members who share a common immutable

characteristic, (2) defined with particularity, and (3) socially distinct within the

society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA

2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Thus, Flores-Vasquez's asylum and withholding of removal claims fail.

**PETITION FOR REVIEW DENIED.**